**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4753-14T2

ANNE TRUZZOLINO,

       Appellant,

v.

BOARD OF TRUSTEES, POLICE AND
FIREMEN'S RETIREMENT SYSTEM,

       Respondent.

_____

       Argued November 29, 2016 — Decided  May 12, 2017

       Before Judges Messano and Guadagno.

       On appeal from the Division of Pensions and
       Benefits, Police and Firemen's Retirement
       System, PFRS No. 3-91420.

       Samuel M. Gaylord argued the cause for
       appellant (Gaylord Popp, LLC, attorneys; Mr.
       Gaylord, on the brief).

       Danielle P. Schimmel, Deputy Attorney
       General, argued the cause for respondent
       (Christopher S. Porrino, Attorney General,
       attorney; Melissa H. Raksa, Assistant
       Attorney General, of counsel; Joseph A.
       Palumbo, Deputy Attorney General, on the
       brief).

PER CURIAM

Petitioner Anne Truzzolino appeals from the June 9, 2015 final agency decision of the Board of Trustees of the Police and Fireman's Retirement System (PFRS Board), which rejected petitioner's application for accidental disability retirement benefits.  We affirm.

Petitioner enrolled in PFRS in 2001 when she began employment as a correction officer with the Juvenile Justice Commission.  On March 11, 2011, she responded to a report that a female juvenile inmate had assaulted a teacher.  Petitioner and two other officers restrained the inmate and placed handcuffs on her, but a lieutenant directed that the handcuffs be loosened.  The inmate managed to free one of her hands and struck petitioner in the head.  The lieutenant and another officer responded and again restrained the inmate.  Petitioner was told to report to the nurse's office for a medical evaluation.

Petitioner was transported to Robert Wood Johnson Hospital where she was diagnosed with a concussion and given a CT scan which was negative.  On March 25, 2011, petitioner was seen by Dr. Michael Sananman, a neurologist, who diagnosed her with post-concussion syndrome with headaches, insomnia, difficulty concentrating, and tinnitus.  Dr. Sananman opined that

petitioner was not able to return to work at that time because of her "persistent symptoms."

On September 26, 2011, petitioner applied for accidental disability benefits claiming she suffered from herniated disks in her neck, "severe constant migraines . . . mental trauma . . . with recurring nightmares, anxiety, panic attacks, [and] depression." On August 20, 2012, the Board denied her application, concluding that she was not totally and permanently disabled from the performance of her regularly assigned duties and there was no evidence of direct causation of a total and permanent disability from the March 2011 incident.

Petitioner appealed and the matter was transferred to the Office of Administrative Law. An administrative law judge (ALJ) heard testimony from petitioner, her expert, Dr. Sananman, and the Board's expert, Dr. Steven Lomazow. The ALJ found Dr. Lomazow less credible than Dr. Sananman as thirty-percent of his practice is dedicated to medical evaluations performed for the State, while Dr. Sananman devotes only a small percentage of his practice to evaluations. The ALJ concluded petitioner suffered a permanent and total disability, and recommended reversing the Board's denial of accidental disability benefits.

The Board adopted the ALJ's findings of fact "with amplification and modification" but rejected her conclusions of

law and recommendation that petitioner's application for disability retirement be granted.

On appeal, petitioner argues that she qualifies for accidental disability retirement benefits and the Board's decision is arbitrary, capricious, unreasonable, and unsupported by the record.

Our review of administrative agency action is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Id. at 27-28. We are not bound by an agency's interpretation of a statute or its determination of a legal issue. Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).

While the Board may reject the findings of the ALJ, it is "not at liberty to simply substitute its judgment for that of the ALJ's." Cavalieri v. Bd. of Trs. of the Pub. Emps. Ret. Sys., 368 N.J. Super. 527, 534 (App. Div. 2004).

Petitioner concedes that the Board provided reasons for rejecting the ALJ's findings, but argues those reasons are not supported by credible evidence in the record. We disagree.

The Board noted inconsistencies in Dr. Sananman's testimony which were not identified or considered by the ALJ. Dr.

Sananman's testimony that petitioner suffered by "nearly daily [] headaches" was contrasted by petitioner's testimony that her headaches occurred "twice a week." Dr. Sananman also testified that petitioner is incapacitated from performing her duties as a corrections officer, but petitioner only identified three duties she could not perform.

The Board also noted that the ALJ did not consider Dr. Sananman's testimony that his diagnosis of post-concussion syndrome was based entirely on petitioner's self-reporting.

The Board also rejected the ALJ's conclusion that Dr. Lomazow was less credible than Dr. Sananman, in part, because Dr. Lomazow "has a greater motivation to testify in favor if PFRS" because thirty-percent of his practice is dedicated to performing medical evaluations for the State.

While an expert's compensation may be probative of bias, see Gensollen v. Pareja, 416 N.J. Super. 585, 591 (App. Div. 2010), and multiple appearances on behalf of the same client may be "fair game for cross-examination" of an expert. Espinal v. Arias, 391 N.J. Super. 49, 61 (App. Div.), certif. denied, 192 N.J. 482 (2007). These factors, without more, do not suggest a motive to testify in favor of a client as found by the ALJ.

To qualify for accidental disability benefits, the member must be "permanently and totally disabled as a direct result of

a traumatic event occurring during and as a result of the performance of his regular or assigned duties." N.J.S.A. 43:16A-7(1). The Board rejected the ALJ's conclusion, finding it was based on a "flawed assessment" of the parties' expert witnesses' testimony. The Board provided ample support for its decision and we find no reason to disturb it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION